COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-370-CV

UNITED PHARMACARE

SERVICES, L.P. APPELLANT

V.

DATA-TECH, INC.,

H&D CAPITAL, L.P., AND

RX CAPITAL, INC. APPELLEES

------------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

NO. 2-05-018-CV

IN RE UNITED PHARMACARE

SERVICES, L.P. RELATOR

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

This consolidated interlocutory appeal and original proceeding involve the propriety of the trial court’s order denying arbitration of all claims of appellees and real parties in interest Data-Tech, Inc., H&D Capital, L.P., and RX Capital, Inc. (collectively, Seller) against United PharmaCare Services, L.P. (Buyer).  Seller’s claims arise out of post-closing obligations under an asset purchase agreement to which Buyer and Data-Tech
(footnote: 2) are parties.  The agreement contains an arbitration provision relating to some of these post-closing obligations.

Buyer states in its combined appellant’s brief and petition for writ of mandamus that “[i]t appears that the FAA [Federal Arbitration Act] applies here,” and Seller does not dispute it.  The FAA governs a contract evidencing a transaction involving interstate commerce if the contract contains a written arbitration provision.  9 U.S.C.A. § 2 (West 1999); 
In re Scott
, 100 S.W.3d 575, 579 (Tex. App.—Fort Worth 2003, orig. proceeding).  Although Buyer and the companies that comprise Seller are Texas companies, Buyer’s principal place of business is in Rhode Island, and it is a wholly-owned subsidiary of CVS Pharmacy, which has retail pharmacy chains nationwide.  The contracts sold to Buyer cover multiple states.  We conclude that the transaction here involves interstate commerce; therefore, the FAA is applicable to this arbitration dispute.

Texas law does not permit an interlocutory appeal of an order denying arbitration under the FAA.  
Jack B. Anglin Co. v. Tipps
, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  Therefore, mandamus is the appropriate method of enforcement. 
Id
.  Accordingly, we dismiss Buyer’s interlocutory appeal for want of jurisdiction.

We have also considered Buyer’s petition for writ of mandamus and are of the opinion that relief should be denied.  Accordingly, Buyer’s petition for writ of mandamus is denied. 

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DELIVERED:  July 7, 2005 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
H&D Capital, L.P. and RX Capital, Inc. are successors to United Provider Services, Inc., which was also was a party to the agreement.